IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN BROOKS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-3270-N (BK) |
| | § | |
| BANK OF AMERICA, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of prosecution.

**I. BACKGROUND**

Plaintiff, a resident of Grand Prairie, Texas, filed a *pro se* complaint against Bank of America, alleging that her mortgage payment had increased from $874 to $1,500, an amount that she could no longer afford to pay. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but ordered her to file an amended complaint in compliance with Rule 8(a), of the Federal Rules of Civil Procedure, no later than December 28, 2011. (Doc. 7,8.) The orders were returned to the Court as undeliverable on December 19, 2011, and as of the filing of this recommendation, Plaintiff has failed to apprise the Court of her new address. The Court is not required to delay disposition in this case until such time as Plaintiff provides her current address.

**II. DISCUSSION**

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court

order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to file a complaint in compliance with Rule 8(a). She has impliedly refused or declined to do so, and has failed to keep the Court appraised of her address change. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

SIGNED January 4, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Absent a proper complaint, the Court cannot determine when the events at issue in this case occurred. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE